IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AMIR HEKMATI,<br><br>                       Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                       Defendant. | Civil Action No. 1:19-cv-01766-RAH<br><br>Judge Richard A. Hertling |

**PLAINTIFF AMIR HEKMATI'S STATEMENT OF UNDISPUTED
FACTS IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

Plaintiff Amir Hekmati respectfully submits this Statement of Undisputed Facts in Support of His Motion for Summary Judgment (the "Motion").  The Motion sets forth two questions:  (1) Does the United States Victim of State Sponsored Terrorism Act, 34 U.S.C. § 20144 (the "USVSST Act" or the "Act") permit reconsideration of a claimant's award? ("Question One"); and (2) If so, was such reconsideration of Plaintiff's award legally permissible on the uncontroverted facts of this case?  ("Question Two").  The following facts are undisputed and relevant to these two issues.

**UNDISPUTED FACTS RELEVANT TO QUESTION ONE**

**I.   MR. HEKMATI'S CLAIM MET ALL CONDITIONS FOR ELIGIBILITY UNDER THE USVSST ACT.**

1. Amir Hekmati met each of the three eligibility requirements set forth in the Justice for United States Victims of State Sponsored Terrorism Act (the "USVSST Act"), 34 U.S.C. § 20144:

      a.   Mr. Hekmati is an American citizen.  Decl. of Amir Hekmati ¶ 1, PA1 ("A. Hekmati Decl").

      b.     Mr. Hekmati was awarded compensatory damages by a U.S. court against Iran.  Order & Default J., *Hekmati v. Islamic Republic of Iran*, No. 1:16-cv-00875 (ESH) (D.D.C. Sept. 29, 2017), ECF No. 15 (attached as Ex. 1-A to A. Hekmati Decl.), PA34.  Iran has been designated a state sponsor of terrorism.  *See State Sponsors of Terrorism*, Bureau of Counterterrorism, U.S. Dep't of State, https://www.state.gov/state-sponsors-of-terrorism/ (last accessed Jan. 26, 2021).

      c.     Mr. Hekmati submitted his application to the Fund within 90 days of obtaining a final judgment.  Specifically, Mr. Hekmati submitted his application to the Fund on December 6, 2017, 71 days after obtaining a final judgment on September 29, 2017.  U.S. Victims of State Sponsored Terrorism Fund Application Form (Dec. 6, 2017) (attached as Ex. 1 to A. Hekmati Decl.), PA6.

## II. THE FUND DEEMED MR. HEKMATI ELIGIBLE FOR PAYMENT AND AUTHORIZED HIS FIRST DISTRIBUTION.

2.     On December 28, 2017, Special Master Kenneth Feinberg notified Mr. Hekmati via letter that the USVSST Fund had deemed his claim eligible for compensation by the Fund.  Letter from Kenneth R. Feinberg, Special Master, U.S. Victims of State Sponsored Terrorism Fund, to Amir M. Hekmati (Dec. 28, 2017) (attached as Ex. 6 to A. Hekmati Decl.), PA174.  The letter valued Mr. Hekmati's claim at $31,748,179, and informed Mr. Hekmati that his claim was adjusted to $20,000,000, the statutory maximum cap.  *See* 34 U.S.C. § 20144(d)(3)(A)(ii).  The letter stated that Mr. Hekmati would be "notified about the exact amount of [his] first payment after the Special Master authorizes the next distribution in January 2019."  Ex. 6 to A. Hekmati Decl, PA175.

3. On December 13, 2018, the USVSST Fund notified Mr. Hekmati that Special Master Feinberg had authorized an initial distribution for his claim of $839,100.85. *See* Letter from Kenneth R. Feinberg, Special Master, U.S. Victims of State Sponsored Terrorism Fund, to Amir M. Hekmati (Dec. 13, 2018) (attached as Ex. 13 to A. Hekmati Decl.), PA198.

### III. RATHER THAN PAYING MR. HEKMATI, THE FUND "RECONSIDERED," AND THEN REVOKED, HIS ELIGIBILITY DETERMINATION.

4. The Fund has never paid Mr. Hekmati. A. Hekmati Decl. ¶ 4, PA1.

5. On October 24, 2019, Special Master Connor notified Mr. Hekmati's counsel that the Department of Justice ("DOJ") "intend[ed] to seek reconsideration of the prior eligibility determination and approval of Mr. Hekmati's claim dated December 13, 2018, and therefore has suspended any further action on the payment to Mr. Hekmati from the United States Victims of State Sponsored Terrorism Fund." Letter from Deborah L. Connor, Interim Special Master, U.S. Victims of State Sponsored Terrorism Fund, to Scott D. Gilbert (Oct. 24, 2019) (attached as Ex. 14 to A. Hekmati Decl.), PA201.

6. On December 7, 2020, Special Master Feinberg affirmed his revocation of Mr. Hekmati's payment eligibility. Letter from Kenneth R. Feinberg, Special Master, U.S. Victims of State Sponsored Terrorism Fund, to Scott D. Gilbert (Dec. 7, 2020) (attached as Ex. 18 to A. Hekmati Decl.), PA222.

### UNDISPUTED FACTS RELEVANT TO QUESTION TWO

7. Plaintiff incorporates by reference each of the facts stated above, including specifically those pertaining to his eligibility for payment from the USVSST Fund.

8. In addition, the following facts are undisputed and relevant to Question Two:

**I.    THE FUND'S RECONSIDERATION OF MR. HEKMATI'S AWARD STEMMED FROM REPRESENTATIONS MADE IN A DECLARATION TO THE DISTRICT COURT IN HIS CASE AGAINST IRAN.**

9.     In a letter dated January 15, 2020, revoking Mr. Hekmati's eligibility for compensation under the Fund, Special Master Feinberg concluded that certain "attached materials support the conclusion that the primary purpose of Mr. Hekmati's trip to Iran was to sell classified U.S. national security information to the government in Iran."  He stated that this conclusion allegedly "conflict[ed]" with Mr. Hekmati's declaration, filed as part of his previous District Court case, which stated that the "primary purpose of [Mr. Hekmati's] trip to Iran was to visit family for personal reasons."  Therefore, the Special Master determined that Mr. Hekmati was "not eligible for payment from the USVSST Fund."  Letter from Kenneth R. Feinberg, Special Master, U.S. Victims of State Sponsored Terrorism Fund, to Scott D. Gilbert (Jan. 15, 2020) (attached as Ex. 15 to A. Hekmati Decl.), PA203.

10.    Mr. Hekmati was not required to submit, and never submitted, the declaration referenced in Special Master Feinberg's letter to the USVSST Fund.  The only documents Mr. Hekmati was required to submit, and did submit, to the Fund were an application with basic personal information (name, social security number, etc.), a copy of his final judgment against Iran, proof of service of that judgment on Iran, and documentation of his counsel's authority to represent him in connection with his claim to the Fund.  Exs. 1–1-C to A. Hekmati Decl, PA6–164.

**II.   NEITHER THE SPECIAL MASTER NOR DOJ HAS CONTENDED THAT MR. HEKMATI DID NOT INTEND TO VISIT RELATIVES IN IRAN.**

11.    Neither DOJ nor the Special Master has contended that Mr. Hekmati did not intend to visit relatives in Iran.

4

12. Neither DOJ nor the Special Master has contended that Mr. Hekmati did not actually visit relatives in Iran.

### III. THE FUND HAS NOT PROVIDED THE IDENTITY OF THE UNIDENTIFIED "SOURCES" TESTIFYING AGAINST MR. HEKMATI, THE BASIS FOR THEIR ACCUSATIONS, OR OTHER EVIDENCE RELIED UPON BY THE SPECIAL MASTER.

13. The materials cited by Special Master Feinberg as justification for his reconsideration decision included (1) two partially-redacted FD-302s containing summaries written by FBI agents of two interviews with Mr. Hekmati, and (2) a "Record for Special Master," a 5-page, unsworn document of unidentified origin apparently summarizing a number of assertions made by certain federal law enforcement officials regarding Mr. Hekmati's activities in the months leading up to his trip to Iran. A. Hekmati Decl. ¶ 6, PA2.

14. Both the FD-302 documents and the "Record for Special Master" contain redactions and reference unnamed "sources" as support for DOJ's accusations. *Id.* ¶ 7, PA2.

15. The Fund has not disclosed to Mr. Hekmati the identity of these "sources" or the basis for their accusations against him. *Id.* ¶ 8, PA2.

16. Mr. Hekmati has not been afforded an opportunity to confront any of these "sources." *Id.* ¶ 9, PA2.

17. Neither Mr. Hekmati nor his counsel has been afforded an opportunity to view any of the redacted documents in full, or to view any of the redactions in any of the documents. *Id.* ¶ 10, PA2.

Dated:  March 3, 2021	Respectfully submitted,

/s/  Emily P. Grim
GILBERT LLP
Emily P. Grim
Scott D. Gilbert
Mark A. Packman
Brandon A. Levey
700 Pennsylvania Avenue, SE
Suite 400
Washington, DC 20003
Telephone:  (202) 772-2200
Facsimile:  (202) 772-3333
Email:  grime@gilbertlegal.com

*Attorneys for Plaintiff Amir Hekmati*